**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JAMES ALFRED GIBSON, II,** | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:21-CV-453-P |
| | § | (NO. 4:19-CR-364-P) |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

Came on for consideration the motion of James Alfred Gibson, II, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:19-CR-364-P, styled "United States v. Juan Pablo Quezada, et al.," and applicable authorities, finds that the motion should be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On December 11, 2019, Movant was named along with others in a three-count information charging him in count two with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 207. Movant and his attorney signed a waiver of indictment.

---
[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-364-P.

CR Doc. 294. They also signed a factual resume setting forth the penalty Movant faced, the elements of the offense, and the stipulated facts establishing that Movant had committed the offense. CR Doc. 295.

On January 21, 2020, Movant appeared before the Court with the intent of entering a plea of guilty to the offense charged. CR Doc. 293. Movant testified under oath that: He understood the elements of the offense and that all of them existed in his case; he faced a term of imprisonment of 20 years; he should never depend or rely upon any statement or promise by anyone as to the penalty that might be assessed against him; he had discussed with his attorney how the guidelines might apply in his case; the Court would not be bound by the stipulated facts and could take other facts into consideration; the Court could not determine the guideline range until the presentence report ("PSR") was prepared; he signed the factual resume, and understood everything in it and discussed it with his attorney; he was satisfied with the representation of his attorney; he had no deal, understanding or agreement with the government; no one used any force or made any promise or assurance to induce him to plead guilty; he understood that he would not be allowed to withdraw his plea if his sentence was more severe than expected; and, all of the stipulated facts in the factual resume were true. CR Doc. 891. The Court found that Movant was competent and that his plea was a knowing, voluntary and intelligent one. *Id.*

The probation officer prepared the PSR, which reflected that Movant's base offense level was 36. CR Doc. 373, ¶ 31. He received a two-level enhancement for importation. *Id.* ¶ 32. Based on a total offense level of 38 and a criminal history category of I, Movant's

guideline imprisonment range was 235 to 293 months; however, the statutorily authorized maximum sentence was 20 years, so the guideline range became 235 to 240 months. *Id.* ¶ 86. Movant filed objections, CR Doc. 479, and the probation officer prepared an addendum to the PSR. CR Doc. 538. The probation officer determined that Movant was entitled to a two-level reduction under USSG § 2D1.1(b)(18). Thus, his guideline range became 188 to 235 months. *Id.* Movant filed a motion for downward departure or variance, CR Doc. 657, and a sentencing memorandum. CR Doc. 689.

Movant was sentenced to a term of imprisonment of 135 months, based on the Court's granting of a three-level reduction for acceptance of responsibility. CR Docs. 715, 716. Movant did not appeal.

**GROUNDS OF THE MOTION**

Movant urges four grounds in support of his motion. He says that his counsel was ineffective for failing to argue for a minor role reduction, failing to pursue an argument that Movant should not receive the importation enhancement, and failing to argue against the wrongful calculation of his base offense level. In addition, he argues that his sentence is unconstitutional because it is based on facts not admitted by him or found by a jury. Doc.[2] 1 at 2.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

## APPLICABLE LEGAL STANDARDS

**A.     § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

B.  **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In his first ground, Movant urges that his counsel should have argued for a minor role reduction. He does not offer any supporting facts. Doc. 1 at 2. His conclusory

5

allegation is insufficient to show ineffective assistance. *Miller*, 200 F.3d at 282. As a matter of fact, counsel vigorously pursued the matter through written objections to the PSR, CR Doc. 479, in the motion for downward departure or variance, CR Doc. 657, and in the sentencing memorandum. CR Doc. 892. Counsel also addressed the minor participant argument at sentencing. CR Doc. 892 at 8. Movant has done nothing to overcome the presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

In his second ground, Movant urges that counsel did not take any further action after objecting to the two-level enhancement for importation. Doc. 1 at 2. Again, movant does not offer any facts to show that counsel was ineffective. If his complaint is that this ground should have been raised on appeal, he fails to show that he would have prevailed. His bald assertions are insufficient. *Miller*, 200 F.3d at 282.

In his third ground, Movant appears to contend that his base offense level was incorrectly calculated. Doc. 1 at 2. As best the Court can tell, he is complaining that the actual drugs he transported were not seized by law enforcement and that, therefore, he should not be held accountable for purity greater than a "mixture and substance containing a detectable amount of methamphetamine" to which he pleaded guilty. *Id.* Movant did file an objection to the base offense level. CR Doc. 479. Movant does not explain what more his counsel could or should have done. His wholly conclusory allegation does not entitle him to relief.

Finally, in his fourth ground, Movant argues that his sentence is unconstitutional because it was not based on facts admitted by him or found by a jury. Doc. 1 at 2–3. (Again, the claim is conclusory.) He cites to *Blakely v. Washington*, 542 U.S. 296 (2004). However, *Blakely* applied when the sentencing guidelines were mandatory, which is no longer the case. *See Booker v. United States*, 543 U.S. 220 (2005). The sentencing judge is entitled to deference and is entitled to find all facts pertinent to sentencing as long as they are determined from information bearing a sufficient indicia of reliability. *United States v. Prodencio*, 250 F. App'x 43, 44 (5th Cir. 2007)( citing *United States v. Mares*, 402 F.3d 511, 518–19 (5th Cir. 2005)). Here, Movant does not identify any facts upon which he bases his argument, much less explain why such facts could not have been reasonably found.

### ORDER

The court **ORDERS** that the relief sought by Movant in his motion under § 2255 be, and is hereby, **DENIED**.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further **ORDERS** that a certificate of appealability be, and is hereby, **DENIED**, as Movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 6, 2021.

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE